IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,511-01






EX PARTE JOE LUNA









ON UNOPPOSED MOTION TO FILE SKELETAL WRIT TO TOLL RUNNING
OF FEDERAL STATUTE IN CAUSE NO. 2006-CR-0033

IN THE 379TH JUDICIAL DISTRICT COURT

BEXAR COUNTY





 Per Curiam. 


O R D E R



 Before us is applicant's motion to file a skeletal application for writ of habeas corpus
pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071. (1) The
purpose of the motion is to provide him a vehicle by which he can effectively toll the running
of the federal statute of limitations without restricting his ability to later file, within the
appropriate time period, a fully developed application that will still be considered applicant's
initial, and not a successor, application.

 On March 9, 2006, the trial court appointed counsel to represent applicant in Article
11.071 post-conviction writ of habeas corpus proceedings. On August 15, 2007, the State
filed in this Court its brief on applicant's direct appeal. Pursuant to Article 11.071, § 4(a),
counsel should have filed applicant's application for writ of habeas corpus in the convicting
court no later than October 1, 2007, or by December 28, 2007, had a motion for extension
been timely filed and granted. Art. 11.071, § 4(b). However, counsel failed to timely file an
application on applicant's behalf. Consequently, on October 1, 2008, this Court held that
counsel in contempt, relieved her of her responsibilities in the case, and appointed new
counsel. New counsel was ordered to file an application for writ of habeas corpus "on or
before the 270th day from the date of [that] order." Ex parte Luna, No. WR-70,511-01 (Tex.
Crim. App. Oct. 1, 2008)(not designated for publication).

 When the opinion in applicant's direct appeal was handed down on October 29, 2008,
and mandate issued on November 24, 2008, the federal statute of limitations began to run in
applicant's case. By the motion currently before us, applicant does not assert that he needs
more time in which to file his application, he simply wants to toll the federal statute of
limitations while preserving his right to timely supplement his filing without risk that it will
be deemed a subsequent application. In light of these facts, we grant applicant's motion to
file a skeletal application in the trial court. Any supplemental or amended application filed
"on or before the 270th day from the date of [our October 1, 2008] order" shall be deemed an
initial, and not a successor or subsequent, application. (2) Further, the actions and time frames
set out in Article 11.071, § 6, et seq., shall be triggered by the timely filing of the amended
or supplemental application and not by the filing of the skeletal application. 

 IT IS SO ORDERED THIS THE 17TH DAY OF DECEMBER, 2008.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.
2. Applicant calculates the 270th day from October 1, 2008, to be July 1, 2009. 
Applicant's calculations are incorrect. Correctly calculated, June 28, 2009, is 270 days from
October 1, 2008. Because June 28th is a Sunday, the application should be deemed timely filed
on Monday, June 29, 2009. See Tex. Gov't Code § 311.014(b).